■ DAVID PODGERS, Appellant, v. NIAGARA COUNTY BOARD OF ELECTIONS, Respondent.— Order unanimously affirmed, without costs. Memorandum: We conclude that the decision of County Court was correct. We pass on no other question. (Order entered June 9, 1969.) (Appeal from order of Niagara County Court denying motion to place name on ballot.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.

■ DANIEL J. WHITE, Appellant, v. NIAGARA COUNTY BOARD OF ELECTIONS, Respondent.— Order unanimously reversed, without costs, and application granted. Memorandum: The nominating petitions are in substantial compliance with the provisions and requirements of subdivision 2 of section 135 of the Election Law. (Order entered June 9, 1969.) (Appeal from order of Niagara Special Term denying motion to place name on ballot.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.

■ E. WILLIAM MILLER, JR., Respondent, v. HAROLD KORMAN, Appellant, and JAMES R. LAWLEY et al., Constituting the Board of Elections of Erie County, Respondents.— Order unanimously affirmed, without costs. (Order entered June 9, 1969.) (Appeal from order of Erie Special Term invalidating petition.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.

■ In the Matter of JAMES T. MOLLOY, Respondent, v. JAMES R. LAWLEY et al., Constituting the Board of Elections of Erie County, Respondents, and BARBARA M. SIMS, Appellant. In the Matter of MICHAEL F. DILLON, Respondent, v. JAMES R. LAWLEY et al., Constituting the Board of Elections of Erie County, Respondents, and BARBARA M. SIMS, Appellant.— Order unanimously reversed, without costs, and proceeding remitted to Erie County Special Term for further proceedings in accordance with the following Memorandum: Appellant Sims appeals from an order invalidating her designating petition and restraining respondent Board of Elections from printing appellant's name on the primary ballot of the Democratic primary elections as a candidate for the office of District Attorney. On May 14, 1969 appellant filed a petition purporting to designate her as such a candidate containing 2,664 signatures. On May 16 petitioner Molloy filed general objections to it, and on May 19, 1969 respondent Board of Elections in ruling on the general objections found that 1,299 of such signatures were invalid and 1,365 were valid. On May 22, 1969 specific objections to the petition were filed with the Board of Elections, and on May 26, 1969 the board declared that 1,583 were invalid, leaving 1,081 valid signatures remaining. Special Term found that 113 of the 1,081 signatures declared valid by the board were in fact invalid, leaving only 968 of the required 1,000 signatures. This was implemented by the order appealed from. Special Term made findings of fact which failed to specify the name, page, or line in the nominating petition of any of the signatures invalidated by it. The record before us is completely inadequate to pass upon the issues presented. Special Term should make proper findings in which it is demonstrated with precision the 113 signatures that have been found to be invalid. In other words, the court should by appropriate references to lines and pages of the designating petitions identify the signatures that have been invalidated and the reasons therefor. It should be further delineated what names, if any, so stricken by the court had been previously stricken by the Board of Elections. (Order entered June 9, 1969.) (Appeal from order of Erie Special Term prohibiting placing of name on ballot.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.